Filed 2/15/23  P. v. Vicari CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| THE PEOPLE, | C096628 |
| Plaintiff and Respondent, | (Super. Ct. No. 20CR29477) |
| v. | |
| DONALD ANGELO VICARI, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Donald Angelo Vicari asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

FACTS AND HISTORY OF THE PROCEEDINGS

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

1

The instant case is one of three cases plus one probation revocation petition defendant resolved with a plea bargain on April 8, 2022.

In the instant case, the second amended complaint, later deemed an information, charged defendant with driving under the influence of alcohol and driving while having a 0.08 percent or higher blood-alcohol content. (Veh. Code, § 23152, subds. (a) & (b); statutory section citations that follow are found in the Vehicle Code unless otherwise stated.) The information also alleged enhancements as to both counts that defendant had three prior alcohol related convictions in the prior 10 years and had a blood-alcohol content in excess of 0.15 percent. (§§ 23550, 23550.5, & 23578.)

Pursuant to a plea agreement, defendant pleaded no contest to driving while having a 0.08 percent or higher blood-alcohol content, admitted his prior convictions, and admitted the enhancement for having a blood-alcohol content in excess of 0.15 percent in exchange for a sentence of 16 months and dismissal of the other count and enhancement. The factual basis for this plea was defendant drove his car over the reporting party's tire in his driveway. When Ione police officers stopped him, he failed his field sobriety tests and gave one screening device test of a 0.26 percent blood-alcohol content.

Following his plea in the instant case, defendant pleaded no contest in the second case, case No. 21-CR-31019, to driving under the influence within 10 years of a prior felony DUI offense in exchange for the dismissal of a charge of resisting, delaying, or obstructing a peace officer. (Pen. Code, § 148.) The prior felony DUI conviction was the instant case.

In case No. 21-CR-31020, defendant pleaded no contest to one count of failing to appear. (Pen. Code, § 1320, subd. (a).)

In case No. 20-CR-29607, defendant admitted he violated several conditions of his probation.

During the pendency of the instant case, defendant filed an affidavit of disqualification of one of the judges of the trial court. (Code Civ. Proc., § 170.6.)

2

Without objection, that judge later heard and denied defendant's request to remove his attorney under *People v. Marsden* (1970) 2 Cal.3d 118. The following day, the disqualified judge filed an order striking that ruling noting the judge was disqualified from the case. A week later, another judge heard the *Marsden* motion and after initially denying it, found there was a breakdown in communication between defendant and his counsel. As a result, the trial court relieved the public defender and appointed replacement counsel.

Following his plea, the trial court sentenced defendant in accordance with the plea agreement to the low term of 16 months and properly confirmed 476 days of credit for time served. The trial court imposed a $300 restitution fine (Pen. Code, § 1202.4), imposed and suspended a $300 parole revocation fine (Pen. Code, § 1202.45), and imposed a court operations assessment of $40 (Pen. Code, § 1465.8) and a conviction assessment of $30 (Gov. Code, § 70373). The trial court imposed but stayed a DUI fine of $1,571 and found defendant did not have the ability to reimburse the county for his defense.

Defendant timely appealed and obtained a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.

Accordingly, we affirm the judgment.

DISPOSITION

The judgment is affirmed.

                                                 _____

                                                 HULL, Acting P. J.

We concur:

_____

RENNER, J.

_____

KRAUSE, J.

4